**WO**                                                                                                    RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, ) | No. CR 05-786-PHX-SMM |
| Plaintiff, ) | No. CV 06-1424-PHX-SMM (HCE) |
| v. ) | **ORDER** |
| Refugio Lira-Zargoza, ) |  |
| Defendant/Movant. ) |  |

On May 31, 2006, Movant Refugio Lira-Zargoza, confined in the California City Correctional Facility in California City, California, filed a *pro se* "Motion for Time Reduction By an Inmate in Federal Custody (28 U.S.C. § 2255)" (CR Doc. #31). By Order filed June 19, 2006 (CR Doc. #33), the Court denied the Motion with leave to amend because Plaintiff had failed to use the court-approved form. Movant was given 30 days from the date of filing of the Order to file an amended motion in accordance with the Court's Order. On June 26, 2006, Movant filed an "Amended Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (28 U.S.C. § 2255)" (CR Doc. #34), which the Court will summarily dismiss.

**I. Background**

Pursuant to a plea agreement, Movant pleaded guilty to Illegal Re-Entry after Deportation, 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to 8 U.S.C. §1326(b)(2) (CR Docs. #19, #30). On May 22, 2006, the Court sentenced Movant to a prison

1  term of 33 months, to be followed by 3 years on supervised release (CR Doc. #29).

2  The sole ground for relief that Movant raises in his Amended Motion is family
3  hardship (CR Doc. #34 at 4).

4  **II.  Summary Dismissal**

5  A district court must summarily dismiss a § 2255 application "[i]f it plainly appears
6  from the motion, any attached exhibits, and the record of prior proceedings that the moving
7  party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the
8  United States District Courts.  When this standard is satisfied, neither a hearing nor a
9  response from the government is required. See Marrow v. United States, 772 F.2d 525, 526
10  (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).  Moreover,
11  if there has been a valid waiver of the right to file a federal habeas corpus petition, a court
12  lacks jurisdiction to hear the case.  See Washington v. Lampert, 422 F.3d 864, 869 (9th Cir.
13  2005).

14  In this case, the record shows that summary dismissal under Rule 4(b) is warranted
15  and the Court lacks jurisdiction to hear the Amended Motion because Movant has waived the
16  right to bring a § 2255 motion.

17  **III.  Waiver**

18  The record here demonstrates that Movant has waived challenges to his sentence. The
19  Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of
20  constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir.
21  2005).  It is impermissible to presume waiver from a silent record, and the Court must
22  indulge every reasonable presumption against waiver of fundamental constitutional rights.
23  United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).  As detailed below, in this
24  action, Movant's waiver was clear, express, and unequivocal.

25  Plea agreements are contractual in nature, and their plain language will generally be
26  enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,
27  398 F.3d 1149, 1153 (9th Cir. 2005). For example, a waiver of appellate rights is enforceable
28  if the language of the waiver encompasses the right to appeal on the grounds raised and the

waiver is knowingly and voluntarily made. Id.

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d at 871 (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

(CR Doc. #30 at 5).

Movant indicated in his plea agreement that he had discussed the terms with his attorney, that he agreed to the terms and conditions, and that he entered into it voluntarily. (CR Doc. #30 at 6-7).

Movant's assertions in his § 2255 Amended Motion pertain only to the hardship on

his family brought about by his incarceration and do not pertain to the voluntariness of the waiver (CR Doc. #34). Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion (CR Doc. 30 at 5).  The Court accepted his plea as voluntarily made (CR Doc. #21).  Consequently, the Court finds that Movant waived the hardship issues raised in his § 2255 Amended Motion.  Thus, the Court will summarily dismiss the Amended Motion for lack of jurisdiction.

**IT IS ORDERED** that Movant's "Amended Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (28 U.S.C. § 2255)" (CR Doc. #34 in CR 05-786-PHX-SMM) is **denied** and that the civil action opened in connection with Plaintiff's original Motion (CV 06-1424-PHX-SMM (HCE)) is **dismissed**.  The Clerk of the Court **must enter** judgment accordingly.

DATED this 19th day of October, 2006.

Stephen M. McNamee
United States District Judge